CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV 2 8 2018

JULIA C. DUDLEY, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BOBBY LEE DAVIS, | ) | CASE NO. 7:18CV00214 |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| BERNARD BOOKER, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Bobby Lee Davis, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment in the Campbell County Circuit Court for drug offenses. Respondent filed a motion to dismiss, and Davis responded, making the matter ripe for disposition. Davis has also moved to expand the record. After review of the record, I will grant the motion to expand the record and grant the motion to dismiss.

I.  Background

On January 20, 2015, the Campbell County Circuit Court entered final judgment, convicting Davis of multiple drug offenses, and sentenced Davis to thirty-five years' imprisonment, with all but twelve years and six months suspended. Davis did not appeal. On December 12, 2016, Davis filed a state habeas petition in the Campbell County Circuit Court, but the court denied his petition on April 3, 2017. Davis appealed, but the Supreme Court of Virginia denied the appeal on October 24, 2017, and his petition for rehearing on February 2, 2018. Davis filed the current petition on May 7, 2018, asserting two claims:

1

1. Davis was denied due process of law when the government failed to disclose material impeachment evidence of an elaborate scheme of criminal misconduct carried out by Altavista police officers and informants in drug-sting operations; and

2. Davis was denied effective assistance of trial counsel when his lawyer failed to (i) discover impeachment evidence and/or (ii) object to, challenge, or correct the government's breach of the sentencing provision of his plea agreement.

The respondent submits that Davis' petition is untimely, procedurally defaulted, and without merit.

## II.    Time-Bar

Davis's petition is time-barred. Under the Anti-terrorism Effective Death Penalty Act (AEDPA), a one-year period of limitation for federal habeas corpus runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petitioner can "toll" the federal habeas statute of limitation in two ways: statutory tolling and equitable tolling. Section 2244(d)(2) tolls the federal limitation period during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." Equitable tolling occurs only if a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544, U.S. 408, 418 (2005)).

Under § 2244(d)(1)(A), the statute of limitations expired in 2016.[1] However, Davis asserts several arguments that his petition is not time-barred:

(1) statutory tolling;

(2) equitable tolling;

    a. continued failure of Commonwealth to disclose material evidence; and

    b. lack of notice; and

    c. lack of prejudice to the respondent.

See Pet'r's Resp. 3-6, ECF No. 14. His arguments are incorrect for the reasons that follow.

Davis puts forth two statutory tolling arguments. First, he asserts that he discovered the factual predicate of his claims in July 2016. However, even if I accept that § 2244(d)(1)(D) restarted the statute of limitations on August 1, 2016, his petition is still time-barred. Assuming the limitations period began on August 1, 2016,[2] 133 days ran before Davis properly filed a state habeas petition in the circuit court on December 12, 2016. Davis timely filed a notice of appeal and requested an extension of time. The Supreme Court of Virginia granted Davis until August 4, 2017, to file his habeas appeal.

Davis's habeas appeal, however, did not toll the limitations period, because the Supreme Court of Virginia found that Davis's habeas appeal was procedurally barred for failing to comply

---

[1] The circuit court entered Davis's sentence on January 20, 2015, and Davis did not appeal. Therefore, the judgment became final on February 19, 2015. Va. Sup. Ct. R. 5A:6 (Notice of appeal must be filed within thirty days of final judgment.); Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (holding that, under § 2244(d)(1)(A), the judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires"). Davis thus had one year (365 days) from February 19, 2015 to file his § 2254 petition. The limitations period expired on February 19, 2016.

[2] Davis states that he learned of the material in July 2016. Pet. 14.

3

with Va. Sup. Ct. R. 5:17 (c)(1)(i). Davis v. Booker, No. 171046, slip op. at 1 (Va. Oct. 24, 2017), ECF No. 9-3; see also Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (holding that "petitioner's appeal of the denial of habeas relief" was "not properly filed pursuant to § 2244(d)(2)" because the petitioner "failed to meet the form requirements for properly filing an appeal in the Supreme Court of Virginia" under Va. Sup. Ct. R. 5:17(c)); Escalante v. Watson, 488 Fed. App'x 694, 697-98 (4th Cir. 2012) (explicitly agreeing with Christian's logic and finding that petitions that fail to comply with Va. Sup. Ct. R. 5:17(c) do not toll the statute of limitations under § 2244(d)(2)).

The record shows that Davis's state collateral proceedings tolled the limitations period from December 12, 2016 until August 4, 2017, when the time to properly file an appeal expired under Va. Sup. Ct. R. 5:17. See Va. Sup. Ct. R. 5:9; 5:17 (requiring a notice of appeal within thirty days of judgment, and a petition for appeal within ninety days of judgment). The statute of limitations began to run again on August 5, 2017. Accordingly, the limitations period expired 232 days later, on March 25, 2018. Davis did not file his federal habeas petition until May 7, 2018. Pet. 14, ECF No. 1.

In his motion to expand the record, Davis alleges that the statute of limitations should be reset to July 2018, because he recently received over a thousand pages of documents "related to [the] investigation of the APD[3] and [] prosecution of APD Chief Walsh." Mot. to Expand the R. 2, ECF No. 15. Under § 2244(d)(1)(D), "the factual predicate of a petitioner's claims constitutes the vital facts underlying [the] claims," not merely "evidence that might support his claims." McAleese v. Brennan, 483 F.3d 206, 214 (3d Cir. 2007) (internal quotation marks omitted); see also Johnson v. McBride, 381 F.3d 587, 589 (7th Cir. 2004) ("A desire to see more information in the hope that something will turn up differs from 'the factual predicate of [a] claim or claims'

---

[3] Altavista Police Department.

for purposes of § 2244(d)(1)(D)."); Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998) ("Section 2244(d)(1)(D) does not convey a statutory right to extended delay . . . while a habeas petition gathers every possible scrap of evidence that might . . . support his claim.").

Davis fails to demonstrate why the limitations period should be reset to 2018. The recently released files provide additional evidence that Davis believes supports his claim that some members of the APD, including the chief of police, were involved in illegal activity. However, the new documents did not create new grounds for a petition or show that any officer or confidential informant directly related to Davis's case was involved in illicit activities. Therefore, the 2018 disclosure represents the same factual predicate as the 2016 documents and did not reset the statute of limitations. See 28 U.S.C. § 2244(d)(1)(D); McAleese, 483 F.3d at 214.

Furthermore, Davis fails to demonstrate that he is entitled to equitable tolling. Davis states that his failure to comply with Va. Sup. Ct. R. 5:17(c) should equitably toll the statute of limitations. However, procedural errors are generally not extraordinary circumstances external to a party's control. Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) (collecting cases holding that attorney error, including miscalculation of appeal timelines, does not present extraordinary circumstances beyond a party's control); see United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (collecting cases holding that "ignorance of the law is not a basis for equitable tolling").

Lastly, Davis has not alleged a fundamental miscarriage of justice. He has not presented evidence demonstrating his actual innocence and, liberally construing his petition, he merely alleges that some material should have been disclosed and/or suppressed, and that counsel failed to discover impeachment evidence or challenge a portion of the plea agreement. However, the seminal "actual innocence" cases relied on compelling evidence of actual innocence. See

5

Bousley, 523 U.S. 614, 623 (1998) (holding that "'actual innocence' means factual innocence, not mere legal insufficiency."). Therefore, Davis's petition is time-barred.[4]

### III.

For the foregoing reasons, I grant Petitioner's motion to expand the record[5] and Respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTERED this 28th day of November, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] I note that Davis's claims are also procedurally barred from federal habeas review. Claims 1 and 2(ii) are procedurally barred because he failed to comply with Va. Sup. Ct. R. 5:17(c) in his state collateral proceedings. See Hedrick v. True, 443 F.3d 342, 360 (4th Cir. 2006) (Va. Sup.Ct. R. 5:17(c) is an independent and adequate state ground for procedural default). Claim 2(i) is exhausted but defaulted because Davis failed to raise the claim in state court and cannot now return to state court to exhaust it. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) ("A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court."). Further, Davis fails to excuse the defaults. First, he has not alleged a colorable claim of actual innocence. Second, he has not demonstrated cause and prejudice. In his response to the motion to dismiss, Davis asserts that his petition is not procedurally barred because the elements of cause and prejudice "parallel and are parasitic to the elements of a Brady claim itself." Resp. to Mot. to Dismiss 10. Such a bare assertion is not sufficient to demonstrate cause and prejudice. Nickerson v. Lee, 971 F.2d 1125, 1135 (4th Cir. 1992) overruled on other grounds by Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999) (a habeas petitioner must proffer evidence to support his claims).

Additionally, the petition is meritless. In Claim 1, the state court correctly ruled that the Supreme Court has never required the disclosure of material impeachment evidence prior to a plea agreement. See United States v. Ruiz, 536 U.S. 622, 633 (2002). Claim 2(i) is without merit because the APD investigation did not end until after the trial. Counsel is not constitutionally required to predict that some police officers from one of the investigating jurisdictions would be indicted for illegal acts. See Wajda v. United States, 64 F.3d 385, 388 (8th Cir. 1995) (holding counsel not ineffective for "failing to predict future developments in the law"). Lastly, Claim 2(ii) is without merit because the state court correctly found that the trial court sentenced Davis consistently with the plea agreement—according to the guidelines calculated by the Adult Probation and Parole Office. Counsel cannot be ineffective for failing to raise a meritless argument. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

[5] I reviewed Davis's additional submitted materials (ECF No. 15) in determining that his petition was time-barred.